UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑ X

SECURITIES AND EXCHANGE             :
COMISSION,

                                    :

            Plaintiff,

                                    :    Case No. 1:18-cv-04811-JGK

      v.

                                    :

WOOJAE (STEVE) JUNG,

                                    :

            Defendant,
and                                 :

SUNGROK HWANG,

                                    :

            Relief Defendant.

‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑ X

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Woojae Jung ("Defendant" or "Mr. Jung"), by and through its attorneys, Smith Villazor LLP, hereby answers the Complaint in the above-captioned action. Except as otherwise expressly admitted herein, Defendant denies each and every allegation in the Complaint, including without limitation any allegations contained in Plaintiff's prayer for relief, headings, and subheadings. This Answer is based on information currently known to Defendant, and Defendant expressly reserves the right to amend its Answer.

## SUMMARY

1. This introductory paragraph is a statement of Plaintiff's case to which no response is required. To the extent the Court deems a response to be necessary, Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States,

respectfully declines to answer the allegations in paragraph 1 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

## **NATURE OF THE PROCEEDINGS AND REQUESTED RELIEF**

2. Paragraph 2 states a legal conclusion to which no response is required.  To the extent the Court deems a response to be necessary, Mr. Jung admits that Plaintiff bases its authority to bring this action pursuant to the statute Plaintiff references.

3. Paragraph 3 summarizes the relief requested by Plaintiff and no response is required.  To the extent the Court deems a response to be necessary, Mr. Jung admits that Plaintiff is seeking the relief described.

## **JURISDICTION AND VENUE**

4. Paragraph 4 states a legal conclusion to which no response is required.  To the extent the Court deems a response to be necessary, Mr. Jung admits that the Court has jurisdiction.

5. Paragraph 5 states a legal conclusion to which no response is required.  To the extent the Court deems a response to be necessary, Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 5 on the grounds that his answers might tend to incriminate him, except admits that he worked at the Investment Bank from July 2012 to June 2018.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

**DEFENDANT**

6. Mr. Jung denies the allegations in paragraph 6, except Mr. Jung admits that he is a 37-year-old Korean citizen residing in San Francisco, California, that he worked at the Investment Bank from July 2012 to June 2018, that he holds a Series 79 license, and that he attended Seoul National University and obtained an MBA in May 2012.

**RELIEF DEFENDANT**

7. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 7 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

**RELEVANT ENTITIES**

8. Mr. Jung admits the allegations in paragraph 8.

9. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 9 on the grounds that his answers might tend to incriminate him, except denies knowledge or information sufficient to form a belief as to whether the companies listed by Plaintiff were registered with the Securities and Exchange Commission under Section 12(b) of the Exchange Act.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

3

10. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, except admits that CA, Inc. is a company that is or was traded on the NASDAQ under the symbol CA.

11. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, except admits that FEI Company is a company that is or was traded on the NASDAQ under the symbol FEIC.

12. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, except admits that Fairchild Semiconductor Inc. is a company that is or was traded on the NASDAQ under the symbol FCS.

13. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, except admits that Foresight Energy LP is a company that is or was traded on the NYSE under the symbol FELP.

14. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, except admits that Gigamon Inc. is a company that is or was traded on the NYSE under the symbol GIMO.

15. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, except admits that KLA-Tencor corporation is a company that is or was traded on the NASDAQ under the symbol KLAC.

16. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, except admits that Microsemi Corporation is a company that is or was traded on the NASDAQ under the symbol MSCC.

17. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, except admits that Nimble Storage Inc. is a company that is or was traded on the NYSE under the symbol NMBL.

18. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, except admits that NXP Semiconductors N.V. is a company that is or was traded on the NASDAQ under the symbol NXPI.

19. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, except admits that SanDisk Corporation is a company that is or was traded on the NASDAQ under the symbol SNDK.

20. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, except admits that WebMD Health Corp. is a company that is or was traded on the NASDAQ under the symbol WBMD.

21. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, except admits that W.R. Grace & Co. is a company that is or was traded on the NYSE under the symbol GRA.

## FACTUAL ALLEGATIONS

22. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 22 on the grounds that his answers might tend to incriminate him. Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

23. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations paragraph 27 on the grounds that his answers might tend to incriminate him, except admits that he joined the Investment Bank in July 2012.   Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

28. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations paragraph 28 on the grounds that his answers might tend to incriminate him.   Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

29. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 29 on the grounds that his answers might tend to incriminate him. Mr. Jung further respectfully

requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

30. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 30 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations

31. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 31 on the grounds that his answers might tend to incriminate him, except states that he denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the storage of IP addresses by Interactive Brokers' computer servers.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

32. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 33 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

34. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 34 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

35. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 35 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

36. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 36 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

37. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 37 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

38. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 38 on the

grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

39. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 39 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

40. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 40 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

41. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 41 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

42. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 42 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully

requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

43. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 43 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

44. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 44 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

45. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 45 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

46. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 46 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

47. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 47 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

48. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 48 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

49. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations paragraph 50 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

51. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 51 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

52. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 52 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

53. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 53 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

54. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 54 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

55. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 55 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

56. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 56 on the

grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

57. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 58 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

59. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 59 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

60. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 60 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

61. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 61 on the

grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

62. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 62 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

63. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 63 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

64. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 64 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

65. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 66 on the

grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

67. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 69 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

70. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 70 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

71. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 72 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully

requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

73. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 76 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

77. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 77 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

78. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 78 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully

requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

79. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 79 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

80. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 81 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

82. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 84 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully

requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

85. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 85 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

86. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 86 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

87. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 87 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

88. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 89 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully

requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

90. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 94 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

95. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 95 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

96. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 96 on the

grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

97. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 97 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

98. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

99. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 99 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

100. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.

101. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101.

102. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 102 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully

requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

103. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 103 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

104. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104.

105. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105.

106. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106.

107. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107.

108. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 108 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

109. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.

110. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111.

112. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112.

113. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

114. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 114 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

115. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 115 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

116. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116.

117. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 117 on the

22

grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

118. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

119. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

121. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 121 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

122. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 122 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

123. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123.

124. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 124 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

125. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125.

126. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126.

127. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 127 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

128. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 128 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

129. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129.

130. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 130 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

131. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 131 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

132. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132.

133. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 133 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

134. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

135. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135.

136. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 136 on the grounds that his answers might tend to incriminate him. Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

137. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 137 on the grounds that his answers might tend to incriminate him. Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

138. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138.

139. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 139 on the grounds that his answers might tend to incriminate him. Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

## FIRST CLAIM FOR RELIEF

140. Mr. Jung incorporates his answers to paragraphs 1 through 139 above by reference as if set forth fully herein.

141. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 141 on the

grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

142. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 142 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

143. Paragraph 143 states a legal conclusion to which no response is required.  To the extent the Court deems a response to be necessary, Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 143 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

144. Paragraph 144 states a legal conclusion to which no response is required.  To the extent the Court deems a response to be necessary, Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 144 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

145. Paragraph 145 states a legal conclusion to which no response is required.  To the extent the Court deems a response to be necessary, Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 145 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

146. Paragraph 146 states a legal conclusion to which no response is required.  To the extent the Court deems a response to be necessary, Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 146 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

**SECOND CLAIM FOR RELIEF**

147. Mr. Jung incorporates his answers to paragraphs 1 through 146 above by reference as if set forth fully herein.

148. Mr. Jung denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148.

149. Paragraph 149 states a legal conclusion to which no response is required.  To the extent the Court deems a response to be necessary, Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer

the allegations in paragraph 149 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

150. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 150 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

151. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 151 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

152. Paragraph 152 states a legal conclusion to which no response is required.  To the extent the Court deems a response to be necessary, Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 152 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

## THIRD CLAIM FOR RELIEF

153. Mr. Jung incorporates his answers to paragraphs 1 through 152 above by reference as if set forth fully herein.

154. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 154 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

155. Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 155 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

156. Paragraph 156 states a legal conclusion to which no response is required.  To the extent the Court deems a response to be necessary, Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 156 on the grounds that his answers might tend to incriminate him.  Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

157. Paragraph 157 states a legal conclusion to which no response is required.  To the extent the Court deems a response to be necessary, Mr. Jung, exercising his rights under the

Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 157 on the grounds that his answers might tend to incriminate him. Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

158. Paragraph 158 states a legal conclusion to which no response is required. To the extent the Court deems a response to be necessary, Mr. Jung, exercising his rights under the Fifth Amendment to the Constitution of the United States, respectfully declines to answer the allegations in paragraph 158 on the grounds that his answers might tend to incriminate him. Mr. Jung further respectfully requests that such declination have the same procedural effect under Rule 8(b), Fed. R. Civ. P., as if he specifically denied said allegations.

159. The remainder of the Complaint contains Plaintiff's prayer for relief, to which no response is required. Mr. Jung denies any and all allegations not specifically addressed herein.

**DEMAND FOR JURY TRIAL**

160. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mr. Jung demands a trial by jury of this action.

WHEREFORE, having fully answered the Complaint, Mr. Jung prays for relief as the Court may deem just.

Dated:  New York, New York               Respectfully submitted,
        August 17, 2018

                                        SMITH VILLAZOR LLP

                              By:   /s/ Rodney Villazor
                                    Patrick J. Smith, Esq.
                                    Rodney Villazor, Esq.
                                    SMITH VILLAZOR, LLP
                                    1700 Broadway, Suite 2801
                                    New York, New York 10019
                                    (212) 582-4400

                              *Attorneys for Defendant Woojae Jung*

## CERTIFICATE OF SERVICE

I, Rodney Villazor, an attorney admitted to practice in the State of New York, hereby certify that on August 17, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties with an e-mail address of record, who have appeared and consent to electronic service in this action and, on August 17, 2018, served via e-mail on the parties appearing below:

**Counsel for Plaintiff**

Gary Y. Leung
U.S. Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, CA 90071
(323)-965-3213
Email: leungg@sec.gov

Megan Molloy Bergstrom
U.S. Securities & Exchange Commission
444 S. Flower St., Suite 900
Los Angeles, CA 90036
323-965-3998
Email: bergstromm@sec.gov

Joseph G. Sansone
U.S. Securities and Exchange Commission
Three World Financial Center
New York, NY 10281
(212) 336-1000
Email: sansonej@sec.gov

Dated: New York, New York
      August 17, 2018

                                    Rodney Villazor